**C. Ashlee Spangler**
Litigation Paralegal
1025 Eldorado Blvd.
Broomfield, CO  80021
civilsubpoenas@level3.com

March 11, 2016

<u>*VIA USPS*</u>
Charity Renee Catlin
PO Box 313
Naples, ID  83847

Re:     <u>*Charity Renee Catlin v Porn Calling Company*</u> (USDC DID; 2:16-CV-00017-REB)
         Subpoena re 208-297-5924

Dear Ms. Catlin,

To preserve its rights, Level 3 Communications, LLC ("Level 3") objects as follows to your subpoena issued on February 26, 2016 and served on Level 3's registered agent on March 10, 2016.  Additionally, Level 3 reserves the right to assert future objections as necessary.

- **Notice/Confidentiality**:  Level 3 objects to extent the subpoena seeks information related to customers of Level 3, vendors of Level 3 or other parties who have contracted with Level 3, as Level 3 may be prohibited from disclosing such information pursuant to contract and/or informal agreement.
- **Available Elsewhere:**  Level 3 objects to the extent the subpoena seeks information which may be under the control of third parties and, therefore, may be as easily accessible to you as it is to Level 3.
- **Privilege:**  Level 3 objects to the extent the subpoena seeks information that is protected from discovery, in whole or in part, under the attorney-client privilege or work product doctrine.
- **Outside Control:**  Level 3 objects to the extent the subpoena seeks information not within Level 3's possession, custody or control.
- **Burden:**  Level 3 objects to the extent the subpoena is overly broad, burdensome and oppressive.
- **Ambiguous:**  Level 3 objects to the extent the subpoena is vague and ambiguous, leaving Level 3 unable to determine the relevant information requested.
- **Confidentiality:**  Level 3 objects to the extent the subpoena seeks information that is confidential and proprietary.

Please note that Level 3 charges a fee of $5.00 <u>for each telephone number</u> to be researched, <u>payable in advance</u>.  To ensure timely compliance with the terms of the Honorable US Magistrate's Order attached to your subpoena, Level 3 will waive its research fees *in this instance only*.  However, for all future subpoenas, please enclose a check made payable to "Level 3 Communications, LLC" along with a properly served subpoena to avoid delays in receipt and processing of your request.  Additional fees may apply, depending on the information requested.

Without waiving any of its general objections as set forth above, Level 3 has conducted a search of its records pursuant to your subpoena and determined that 208-297-5924 was assigned to a direct customer during the specified time period (09-23-14 to 01-13-15).

To comply with Paragraph 4 of the Honorable US Magistrate's Order, a copy of your subpoena along with the attached Order was forwarded to the direct customer today.  Pursuant to Paragraph 5 of the Order, the direct customer will have fourteen (14) days from receipt of same to move to quash or otherwise object to your subpoena.  Assuming no objections are received, Level 3 will disclose the direct customer's identity and contact information to you upon the expiration of the fourteen (14) day period.



Please note that Level 3 will destroy any information, documentation or other materials produced in response to your subpoena upon the expiration of one year from the date of its response, unless you contact us to make arrangements to pay for long-term storage of same.

Sincerely,

C. Ashlee Spangler
Litigation Paralegal

c:  Honorable Ronald E. Bush, Chief US Magistrate Judge